IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR JANSENIUS : | |
|     Plaintiff : | |
| v. : | |
| : | Civil Action No. _____ |
| HOLTEC INTERNATIONAL : | |
|  and : | |
| BRANDON MURRAY : | |
|     Defendants : | |

## CIVIL COMPLAINT

AND NOW, Plaintiff, Arthur Jansenius, brings this action, for relief from discrimination and wrongful treatment experienced while employed by Defendant, Holtec International. Plaintiff was disparately treated, discriminated against, and retaliated against based on disability and age. Plaintiff brings allegations under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12101 *et. seq.* as amended by the Americans with Disabilities Amendment Act of 2008 ("ADAA"), Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et. seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et. seq*. Plaintiff alleges and avers in support thereof:

### Parties

1. Plaintiff, Arthur Jansenius, is an adult male individual fifty-four (54) years of age who resides at 2242 Highway 231, Cottondale, FL 32431 and was, at all times relevant, employed by Holtec International, from August 2013 up through the beginning of 2020, when he was removed from the schedule.

2. Defendant, Holtec International (hereinafter "Holtec"), is an entity and/or corporation duly existing under the laws of the State of New Jersey and doing business affecting

interstate commerce. Defendant Holtec has a registered office at 1 Holtec Boulevard, Camden, NJ 08104. At all times relevant, Defendant Holtec employed Plaintiff.

3. At all times relevant, Defendant Holtec maintained control of what Plaintiff did as an employee by and through Defendant Holtec employees and supervisors (e.g. Scotty Roland, Eddie Baker, and others), Plaintiff was subject to the material decisions of Defendant Holtec employee Brandon Murray, and Plaintiff wore Defendant Holtec apparel and used Defendant Holtec equipment while working.

4. Defendant, Brandon Murray, is an adult male individual approximately thirty (30) years of age who, at all times relevant, was employed as Senior Project Manager and Training Coordinator for Defendant Holtec, and made material decisions regarding Plaintiff's employment including whether to place Plaintiff on the schedule.

5. Defendant Holtec agreed, accepted, adopted, acquiesced, and/or otherwise is/was bound by the actions, omissions, and/or conduct of its officers, managers, supervisors, employees, and agents including, but not limited to Defendant Brandon Murray.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and this Court has supplemental jurisdiction, 28 U.S.C. §1367, over the New Jersey State Law causes of action.

7. Venue is appropriate before this Court as Defendants reside and the conduct giving rise to this matter occurred in Camden Division. (i.e. Camden County).

8. Plaintiff has completed all pre-requisites to bringing his claims of discrimination as he filed a Charge of Discrimination with the Equal Employment Opportunity Commission

("EEOC"), which was dual filed with the New Jersey Division on Civil Rights ("NJDCR"), and Plaintiff has received a Notice of Right to Sue after which he timely filed this complaint.

## Summary of Facts

9. Plaintiff, Arthur Jansenius, began employment for Defendant Holtec in or around August of 2013 working as a full-time Nuclear Technician.

10. Plaintiff was promoted in or around 2016 to Supervisor I.

11. Plaintiff had no disciplinary history and satisfactory work performance.

12. In 2016 or 2017 during a project in California, Plaintiff was promoted to Supervisor II and subsequently received an increase in pay from $55.00 an hour to $75.00 an hour, and he was made eligible for *per diem* of $145. Plaintiff also had health insurance through Defendant Holtec.

13. On June 26, 2017 Plaintiff was diagnosed with stage four lung cancer, which had metastasized to his brain.

14. Plaintiff required a leave from work, which was granted without the need for submitting any paperwork or documentation.

15. Plaintiff remained on leave until February of 2018, when he was cleared to return to work and did so for Defendant Holtec.

16. Despite being returned to work, Plaintiff had difficulties performing everyday activities as he has/had fatigue, weakness, abdominal and back pain, headaches, speech issues, and other related conditions, but Plaintiff could perform the essential functions of his job. Alternatively, Plaintiff was perceived and/or regarded to be limited in his daily activities.

17. Around the time Plaintiff returned to work, Defendant Murray took a high level position with Defendant Holtec, and began making decisions about the schedule.

18. Plaintiff returned to work but demoted to a full-time Supervisor I.

19. Soon after his return to work, Plaintiff was tasked with training a new hire Eddy Fedder, a male individual in his approximate twenties (20s) or thirties (30s).

20. Plaintiff trained Mr. Fedder until around October or November of 2018, which is around the time each year when services at Defendant Holtec slow down.

21. Schedules are usually issued in January and work begins in February or March and continues to October or November, before work slows down again.

22. Plaintiff's hours and time on the 2019 schedule was significantly reduced.

23. To maintain more regular work, Plaintiff had to accept a further demotion to Nuclear Technician.

24. Plaintiff complained about his hours being significantly reduced

25. In that year, 2019, Plaintiff learned that Mr. Fedder was promoted to Supervisor I, and eventually Plaintiff ended-up working as a Nuclear Technician at a facility where Mr. Fedder was working as a supervisor.

26. Defendant Holtec entirely removed Plaintiff from the schedule for 2020.

27. Plaintiff began texting Defendant Murray at the end of October about whether he would be placed back on the schedule but Defendant Murray never responded.

28. Defendant Murray made the schedules for 2018, 2019, and 2020.

29. No reason was ever given for Plaintiff's removal form the schedule.

30. Plaintiff complained about his hours and time being eliminated.

31. Defendant Holtec cut-off Plaintiff's health insurance in early to mid-2020.

32. Plaintiff alleges and believes it was age and/or discrimination against Plaintiff for his disability/perceived disability that caused and resulted in his demotions, reduced hours, and eventual termination.

33. Plaintiff alleges and believes it was his protected activities of taking leaves of absence, and making complaints regarding age and disability discrimination that caused his demotions, reduced work hours, and eventual termination.

34. Plaintiff was informed by a co-worker that Defendant Holtec considered Plaintiff "a risk" due to Plaintiff's cancer diagnosis and ongoing treatment, and Plaintiff's leaves for continuing and ongoing treatment were considered "disruptive."

35. Since Plaintiff's return to work in 2018, Plaintiff had taken leaves to undergo treatment for his cancer. Plaintiff scheduled treatment around his work schedule to have minimal impact. Defendants were aware that Plaintiff was undergoing ongoing treatment and taking leaves to travel to have the treatment but there were never any discussions about reasonable accommodations or other relief.

36. Plaintiff complained when he was removed from the schedule, demoted, and replaced due to his condition.

37. Plaintiff was replaced by a significantly younger non-disabled individual.

38. Plaintiff has emotional damages are a result of Defendants conduct.

## COUNT ONE
### Discrimination and Disparate Treatment – Wrongful Termination
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
**Plaintiff v. Defendant Holtec**

39. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

40. Defendant is an employer under the ADA as it is engaged in an industry affecting commerce and has/had a sufficient number of employees working each of twenty or more calendar weeks in the current or preceding calendar year.

41. Plaintiff is an individual with a qualified disability as his stage four cancer prevented him from performing everyday activities, but not the essential functions of his job, with or without a reasonable accommodation.

42. Alternatively, Plaintiff was deemed and/or regarded as disabled.

43. Defendant disparately treated and thus discriminated against Plaintiff when Defendant demoted Plaintiff, reduced his hours on the schedule, and ultimately removed him from the schedule.

44. Defendants disparately treated and discriminated against Plaintiff when terminating Plaintiff.

45. Defendant replaced Plaintiff with a person outside his protected class.

46. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

47. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

6

48. Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed motive theory of liability.

WHEREFORE, Plaintiff, Arthur Jansenius, hereby demands judgment in his favor and against Defendant, Holtec International, for any and all damages deemed necessary and just by the Court.

## COUNT TWO
### Retaliation
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
### Plaintiff v. Defendant Holtec

49. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

50. Plaintiff's leave of absence constituted a reasonable accommodation.

51. Plaintiff's request for a leave of absence for his qualified disability constitutes protected activity.

52. Plaintiff request/discussion regarding his need to leave worksites for ongoing treatment was protected activity.

53. Defendant retaliated against Plaintiff by having demoted, removed him from the schedule, and ultimately terminating Plaintiff.

54. Defendant's adverse action is/was temporally proximate to Plaintiff's protected activity, such that it is/was unusually suggestive that Defendant retaliated against Plaintiff for having taken the protected activity.

55. Alternatively, sufficient evidence of antagonistic and/or animus toward Plaintiff and/or other evidence of a causal connection between the protected activity and adverse action support that Defendant's actions were retaliation.

56. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of

employment, out-of-pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

57. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

58. Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed motive theory of liability.

WHEREFORE, Plaintiff, Arthur Jansenius, hereby demands judgment in his favor and against Defendant, Holtec International, for any and all damages deemed necessary and just by the Court.

### COUNT THREE
### Discrimination and Disparate Treatment – Wrongful Termination
*Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et. seq.,*
**Plaintiff v. Defendant Holtec**

59. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

60. Defendant is an employer under the ADEA, 29 U.S.C. §630, as it is engaged in an industry affecting commerce and has/had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

61. Plaintiff is an employee under the ADEA as he is an individual employed by an employer.

62. Plaintiff is protected under the ADEA as he is at least forty (40) years of age. Plaintiff is further protected under the ADEA from discrimination and disparate treatment in relation/contrast to persons substantially younger.

63. Defendant violated the ADEA by disparately treating Plaintiff based on age by having demoted, replaced, and terminated Plaintiff, among other examples, with a sufficiently younger individual.

64. Defendant disparately treated Plaintiff in relation to similarly situated sufficiently younger employees.

65. Defendant terminated Plaintiff and replaced him with sufficiently younger employee(s).

66. At all times, Plaintiff remained qualified and capable for all positions worked and/or available for Plaintiff.

67. As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages (backpay) and loss of benefits up through the date of any determination.

68. As Defendant's actions were willful and/or Defendant showed a reckless disregard for whether its discriminatory and disparate conduct was/were prohibited, Plaintiff is entitled to liquidated damages, which doubles the Plaintiff's backpay damages.

69. As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages and loss of benefits into the reasonable future (front pay) including wage loss and loss of benefits, and thus Plaintiff is entitled to a present-day value for those lost future earnings.

70. Plaintiff further seeks equitable remedies including a change to Defendant's discriminatory conduct and/or reinstatement.

WHEREFORE, Plaintiff, Arthur Jansenius, hereby demands judgment in his favor and against Defendant, Holtec International, for any and all damages deemed necessary and just by the Court.

**COUNT FOUR**
**Retaliation**
*Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et. seq.,*
**Plaintiff v. Defendant Holtec**

71. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

72. Plaintiff's complaints about age discrimination were protected activities.

73. Defendant retaliated against Plaintiff by having demoted, removed him from the schedule, and ultimately terminating Plaintiff.

74. Defendant's adverse action is/was temporally proximate to Plaintiff's protected activity, such that it is/was unusually suggestive that Defendant retaliated against Plaintiff for having taken the protected activity.

75. Alternatively, sufficient evidence of antagonistic and/or animus toward Plaintiff and/or other evidence of a causal connection between the protected activity and adverse action support that Defendant's actions were retaliation.

76. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

WHEREFORE, Plaintiff, Arthur Jansenius, hereby demands judgment in his favor and against Defendant, Holtec International, for any and all damages deemed necessary and just by the Court.

## COUNT FIVE
### Wrongful Termination, Disparate Treatment, and Retaliation
*New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et. seq.*
**Plaintiff v. Defendants**

77. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

78. Defendants is/are an employer under the NJLAD because it is an employer in the State of New Jersey and has the requisite number of employees to be subject to the NJLAD.

79. Defendant, Brandon Murray, is a person and was directly involved in the foregoing, including a material decision maker, and thus an employer under the NJLAD.

80. Under the NJLAD it is an unlawful employment practice, among others, for an employer because of age and/or disability to discriminate against such individual in compensation or in terms, conditions or privileges of employment. N.J.S.A. §10:5-12.

81. Under the NJLAD Under the NJLAD it shall be an unlawful employment action: "for any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act." N.J.S.A. 10:5-12(d).

82. Defendants discriminated against, disparately treated, and/or retaliated against Plaintiff in having terminated her as alleged *supra*.

83. As a direct and proximate result of Defendants' discrimination and/or retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities

of employment, out of pocket expenses, emotional damages, pain and suffering, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

84. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

85. Plaintiff seeks payment of costs and reasonable attorney's fees.

86. Alternatively, as Defendants' considered and/or were motivated by wrongful discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination and thus the imposition of attorney's fees.

WHEREFORE, Plaintiff, Arthur Jansenius, hereby demands judgment in his favor and against Defendant, Holtec International, and Defendant, Brandon Murray, for any and all damages deemed necessary and just by the Court.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff
PA Attorney Number 200594

1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: February 23, 2019