**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ARTHUR JANSENIUS,<br>Plaintiff,<br>v.<br>HOLTEC INTERNATIONAL, *et al.*,<br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 21-03203 (KMW-SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court on a Consolidated Motion [ECF No. 102] seeking to seal exhibits that were filed in support of the Motions for Summary Judgment [ECF Nos. 99, 101] filed by Holtec International; Sonic Systems International, Inc.; and Brandon Murray (collectively, the "Defendants"). Subsequent to that Motion, Defendants Sonic and Murray (the "Sonic Defendants") filed correspondences seeking to correct discrepancies in the Motion and expand the scope of material sought to be sealed [ECF Nos. 106, 128]. Defendants seek to seal the following exhibits (collectively, the "Confidential Materials"):

1) Exhibits 7, 8, 13, 16, 17, 18, and 19 to the Declaration of Robert M. Pettigrew, Esq. and the Declaration of John D. Shea, Esq. filed in support of Defendants' Motions for Summary Judgment [ECF Nos. 99, 101];

2) Exhibit 34 to the Declaration of John D. Shea, Esq. filed in support of the Sonic Defendants' Motion for Summary Judgment [ECF No. 101-33];

3) Exhibit 39 to the Declaration of John D. Shea, Esq. filed in support of the Sonic Defendants' Reply Brief [ECF No. 114-4];

4) Exhibits 40 and 42 to the Declaration of John D. Shea, Esq. filed in support of the Sonic Defendants' Sur-Reply Brief [ECF Nos. 120-1, 120-3]; and

5) Exhibits A, B, C, D, E, F, G, and H to the Declaration of Robert M. Pettigrew, Esq. filed in support of Holtec's Sur-Reply Brief [ECF No. 122].

For the reasons that follow, Defendants' Motion is denied without prejudice on substantive and procedural grounds.

While litigants maintain an interest in privacy, and it is within courts' authority to restrict public access, the public has a well-settled right to information and records regarding judicial proceedings. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). Therefore, movants bear the burden of overcoming the presumption in favor of public access and must demonstrate that "good cause" exists for the protection of the material at issue. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). *Pansy* acknowledges that protective orders over discovery materials and orders of confidentiality over matters relating to other stages of litigation have "comparable features and raise similar public policy concerns." *Id. Pansy* requires a demonstration of "good cause" in favor of protection, requiring the movant to make a particularized showing of a clear and serious injury that would result from disclosure. *Id.* The claimed injury must be specifically stated because "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Id.* (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

To keep judicial records from public disclosure, a formal motion must be filed by way of a "single, consolidated motion on behalf of all parties, unless otherwise ordered by the Court" requesting that the Court seal the materials. L. Civ. R. 5.3(c)(1). Local Civil Rule 5.3 in this district combines the above precedent for one distinct assessment to seal court materials, which provides in pertinent part:

> Any motion papers shall include as part of an affidavit, declaration, certification or other documents of the type referenced in 28 U.S.C. § 1746, which shall be based on personal knowledge as required by Local Civil Rule 7.2(a),

> an index, substantially in form suggested by Appendix U, describing with particularity:
>
> (a) the nature of the materials or proceedings at issue;
> (b) the legitimate private or public interest which warrants the relief sought;
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
> (d) why a less restrictive alternative to the relief sought is not available;
> (e) any prior order sealing the same materials in the pending action; and
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

*Id.* at (c)(3).

Thus, the Court must review the sealing request by Defendants carefully and must articulate the countervailing interests that exist to seal the Confidential Materials at issue and make findings specific enough that a reviewing court can determine whether the order to seal is proper. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 674 (3d Cir. 2019).

Here, Defendants' Motion is not truly in compliance with Local Civil Rule 5.3. First, Defendants do not clearly articulate the nature of all Confidential Materials sought to be sealed as required under section (a). For example, in Appendix U,[1] Defendants do not list Exhibits 7, 8, 13, 16, 17, 18, 19, and 34 to the Declaration of John D. Shea, Esq. filed in support of the Sonic Defendants' Motion for Summary Judgment.[2] *See* ECF No. 128-1.

[1] Throughout this memorandum opinion, the Court refers to the version of Appendix U that was most recently submitted to the Court. ECF No. 128-1.

[2] These exhibits are listed in the proposed order filed with the Court (ECF No. 128-2), but they are not listed in Appendix U (ECF No. 128-1). Moreover, the Court notes that Defendants list in Appendix U certain materials that are not included in the proposed order most recently submitted to the Court, including their briefs in support of their Motions for Summary Judgment and their statements of material facts. Defendants have neither filed their briefs nor their statements of material facts under temporary seal on the docket. *See* ECF Nos. 98-1, 98-2, 100-1, 100-2. As such, Defendants' briefs and statements of material facts are currently available to the public. Accordingly, it is unclear to the Court whether Defendants intended to request that these materials be sealed.

Defendants must describe with particularity the nature of all records sought to be sealed in their appendix pursuant to section (a) of Local Civil Rule 5.3.

Second, with respect to section (b), Defendants simply state throughout Appendix U "[t]here is a substantial public interest in ensuring that medical records filed with the Court do not become public" and "there is a substantial public interest in assuring companies that their confidential documents and information filed with the Court will not become public." *See* ECF No. 128-1 at 1-9. Indeed, Defendants cite to case law in their proposed order[3] to the Court which recognizes well-settled rights to privacy over medical records and business information that might harm a litigant's competitive standing in the marketplace. ECF No. 128-2 at 3-4. However, Defendants do not apply this law to the exhibits they have moved to seal. Instead, they rely on the general assertions cited above for each of their exhibits. Defendants must provide a true analysis of the legitimate private or public interest that warrants the relief sought for each exhibit. *See Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012); *Harris v. Nielsen,* No. 09-2982, 2010 WL 2521434, at *3-4 (D.N.J. June 15, 2010).

Third, Defendants' Motion contains conclusory statements under section (c) with respect to injuries that would result if the relief is not granted. By way of example, Defendants state the following in Appendix U for Exhibit 17 to Holtec's brief in support of its Motion for Summary Judgment: "The release of materials/information designated confidential would harm the parties and contradict the protections afforded by the Confidentiality Order filed in this matter." ECF No. 128-1 at 4. This is an unsubstantiated

---

[3] The Court refers to the proposed order that was most recently submitted to the Court. ECF No. 128-2.

claim that is insufficient under *Pansy*. *See Pansy*, 23 F.3d at 786. Defendants must describe the particularized, clearly defined and serious injury that would result if the relief sought is not granted. *See Harris*, 2010 WL 2521434, at *4. Moreover, the Court notes that the execution of a confidentiality order for purposes of discovery, standing alone, does not warrant or justify the sealing of materials submitted by a party in support of dispositive motions.

Lastly, under section (d), Defendants provide the following reasoning for each exhibit in Appendix U: "[w]hen weighed against the consent given by all parties that this document be sealed, and that redaction would preclude a full analysis by the Court, no less restrictive alternative is available." ECF No. 128-1 at 1-9. On this point, it appears Defendants misinterpret what this prong requires them to articulate. Instead of discussing why a less restrictive alternative than sealing the proposed materials is not sufficient to protect privacy interests, Defendants focus on how redaction would preclude analysis by the Court. Under Local Rule 5.3(c)(4), when a document contains both confidential and non-confidential information, an unredacted version of that document shall be filed under seal and is, thus, available to the Court. Defendants must provide a supporting explanation as to why wholesale sealing is more appropriate than tailored redactions. *See Goldenberg*, 2012 WL 15909, at *4.

Procedurally, the Court notes the parties have failed to properly file the Confidential Materials on the docket. Specifically, Defendants filed the Confidential Materials under temporary seal, but also included documents under seal that are not exhibits identified in their Motion. *See* ECF Nos. 99, 101, 114. Moreover, Plaintiff filed his own exhibits under temporary seal, but those exhibits are not identified at all in the Motion. *See* ECF Nos. 109, 111, 124, 126. This practice

does not comply with the Local Rules. The parties are required to file any materials deemed confidential under temporary seal subject to their Motion and those materials remain sealed until such time as the motion is decided. L. Civ. R. 5.3(c)(4). The parties may not use temporary sealing as an opportunity, albeit impermanent, to seal all exhibits filed with the Court, especially those not subject to their Motion.

To cure the above deficiencies, the Court shall afford the parties another opportunity to present the exhibits and a motion to seal in a manner consistent with the requirements of Local Civil Rule 5.3.

**ORDER**

IT IS this 10th day of **October, 2023**, hereby

**ORDERED** that Defendants' Motion to Seal [ECF No. 102] and subsequent filings related to the Motion [ECF Nos. 106, 128] are **DENIED** without prejudice; and it is further

**ORDERED** that the parties are granted leave to submit a single, consolidated, joint motion to seal the Confidential Materials within 30 days of this Opinion. The Court expects the parties to identify each and every document they seek to seal by exhibit and docket number and with full supporting details as required by Local Civil Rule 5.3(c)(3); and it is further

**ORDERED** that the parties are to refile all exhibits not subject to their consolidated motion to seal, including all exhibits filed in support of their Motions for Summary Judgment, Oppositions to the Motions for Summary Judgment and replies, sur-replies, and supplemental briefs. The parties are to refile all of those exhibits as an attachment to their consolidated motion to seal so that they are available to the public on the docket; and it is further

**ORDERED** that the Sonic Defendants are to refile all of their exhibits that are subject to the consolidated motion to seal under temporary seal as a single entry on the docket; and it is further

**ORDERED** that Holtec International is to refile all of its exhibits that are subject to the consolidated motion to seal under temporary seal as a single entry on the docket; and it is further

**ORDERED** that Plaintiff is to refile all of his exhibits subject to the consolidated motion to seal under temporary seal as a single entry on the docket.

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE