**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ARTHUR JANSENIUS,<br><br>  Plaintiff,<br><br>v.<br><br>HOLTEC INTERNATIONAL, *et al.*,<br><br>  Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 21-03203 (KMW-SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

**WILLIAMS, District Judge:**

This matter comes before the Court by way of Defendants Brandon Murray ("Murray"), Sonic Systems International, Inc.'s ("Sonic") (the "Sonic Defendants"), and Holtec International's ("Holtec") (collectively, "Defendants") Motions for Reconsideration ("Motions") (ECF Nos. 138, 139) of the Court's September 30, 2023 Memorandum Opinion and Order denying Defendants' motions for summary judgment. (ECF No. 131) The instant Motions are decided without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons that follow, Defendants' Motions are **DENIED**.

The factual background and procedural history of this case are set forth more fully in the Court's September 30, 2023 Opinion (the "September 30 Opinion"). (ECF No. 131) Accordingly, this Opinion and Order will focus on the details pertinent to the pending Motions. Plaintiff brought this action alleging Holtec and Sonic wrongfully terminated and retaliated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; and that Holtec and Murray wrongfully terminated, disparately treated, and retaliated against him in violation of the

New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq. See generally* Amended Compl.

On December 30, 2022, Defendants filed motions for summary judgment (ECF Nos. 98, 100), Plaintiff opposed the motions (ECF Nos. 108, 110), Defendants filed replies thereto (ECF Nos. 113, 115), and the Parties were granted leave to file supplemental submissions addressing newly obtained records from the Social Security Administration (the "SSA"). (ECF Nos. 118, 119, 121, 123, 125) In its September 30 Memorandum Opinion and Order, the Court denied Defendants' motions for summary judgment. (ECF No. 129) Thereafter, Defendants filed the instant Motions for Reconsideration (ECF Nos. 138, 139), which Plaintiff opposed.[1] (ECF Nos. 140, 141) The Sonic Defendants' Motion asks the Court to reconsider granting summary judgment, arguing the Court improperly shifted the burden to Defendants with respect to their judicial estoppel argument, Plaintiff was not an "employee" of Sonic, Sonic took no adverse employment action, and there is no causal link between Plaintiff's alleged protected activity and the alleged adverse action. Sonic Defendants' Brief ("Sonic Defs.' Br.") at 2-3, 8, 10, 12-13. Holtec's Motion asks the Court to reconsider granting summary judgment, arguing the Court overlooked precedent compelling the dismissal of Plaintiff's Amended Complaint, the identity of Plaintiff's employer does not present a genuine issue of material fact, Plaintiff's claims should have been dismissed under the McDonnell-Douglas burden-shifting framework, and punitive damages are unsupported by the record. Holtec's Brief ("Holtec's Br.") at 4, 13.

---

[1] The Court notes Defendants timely filed their Motions pursuant to Local Civil Rule 7.1(i) within 14 days after entry of this Court's September 30, 2023 Order on Defendants' motions for summary judgment. (*See* ECF Nos. 134, 135) The Court, however, ordered that Defendants refile their Motions in accordance with the length requirements for briefs outlined in Local Civil Rule 7.2(b). (ECF No. 136)

Under Local Civil Rule 7.1(i), a party may seek reconsideration by the court of matters "which [it] believes the Judge has overlooked" when it ruled on the initial motion. To prevail on such a motion, the moving party must demonstrate at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted [the initial motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *D'Argenzio v. Bank of America Corp.*, 877 F. Supp. 2d 202, 207 (D.N.J. 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). The Court will reconsider its decision "upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012).

A motion for reconsideration, however, "may not be used by parties to 'restate arguments that the court has already considered.'" *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 438 (D.N.J. 2013) (quoting *Lawrence v. Emigrant Mortg. Co.*, No. 11-3569, 2012 WL 5199228, at *2 (D.N.J. Oct. 18, 2012)). Nor may a motion for reconsideration be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). Stated differently, the motion "should not provide the parties with an opportunity for a second bite at the apple." *Id.* (quoting *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998)). Rather "a difference of opinion with the court's decision should be dealt with through the normal appellate process." *Id.* (quoting *Dubler v. Hangsterfer's Laboratories*, No. 09-5144, 2012

WL 1332569, at *2 (D.N.J. Apr. 17, 2012)). "Relief by way of a motion for reconsideration is 'an extraordinary remedy' that is to be granted 'very sparingly.'" *White*, 848 F. Supp. 2d at 500 (quoting *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)).

Here, Defendants have not provided reasons justifying reconsideration. Defendants do not point to a change in controlling law, availability of new evidence, or the need to correct a clear error of law or prevent manifest injustice. The Sonic Defendants argue the Court's finding with respect to judicial estoppel improperly shifted the burden to Defendants when it is in fact Plaintiff's burden to explain why his contention regarding his inability to work is consistent with an assertion that he could perform the essential functions of his position. In a similar vein, Holtec argues the Court overlooked precedent compelling the dismissal of Plaintiff's Amended Complaint because Plaintiff could not, as required under the progenies of *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795 (1999) and *Motley v. N.J. State Police*, 196 F.3d 160 (3d Cir. 1999), provide a sufficient explanation addressing the inconsistencies between prior statements asserting a "total disability" and the necessary elements of his ADA, ADEA, and NJLAD claims.

The Court took note of apparent inconsistencies between the statements Plaintiff made in applications to continue receiving Social Security Disability Insurance ("SSDI") benefits and the allegations he has made in the instant action. The Court also noted Defendants relied on these purported inconsistencies to support their judicial estoppel arguments. Crucially, the crux of Defendants' arguments was that SSA records, including records dated from 2021 and 2022 – which were supplemental records submitted to this Court – were inconsistent with allegations Plaintiff made in the complaint he filed in February 2021[2] after he was no longer placed on work schedules with Holtec and Sonic, approximately a year prior to the filing of the complaint.

---

[2] The Court notes Plaintiff's complaint was amended in March 2021. (*See* ECF No. 5)

The Court did not base its decision to reject Defendants' judicial estoppel argument at the summary judgment stage on a failure on the part of Defendants to meet a burden to reconcile inconsistencies and conflicting statements in the record regarding Plaintiff's ability to work. Nor did the Court outright reject the purported inconsistencies identified by Defendants. Instead, the Court found that more questions than answers had been raised with respect to the SSA record Defendants presented to the Court, which included applications Plaintiff submitted in 2021 and 2022 to the Social Security Administration to continue receiving SSDI benefits. The Court considered that while it certainly appeared statements made in Plaintiff's application for SSDI benefits were contradictory to allegations he has made in the instant action, statements either required further context for the Court to find that those statements were truly inconsistent with statements Plaintiff has made in the course of this litigation or Plaintiff provided sufficient explanations regarding the purported inconsistencies which the Court found credible.

In its September 30 Opinion the Court identified, by way of example, an instance where it was unclear to the Court whether a statement Plaintiff made on an SSDI benefit application – which was also identified by Defendants and used in support of their judicial estoppel arguments – was indeed inconsistent with allegations and statements Plaintiff has made supporting his ADA, ADEA, and NJLAD claims in the instant action. The Court identified the statement that Plaintiff "went back to work for awhile, but was unable to do [his] job due to [his] condition" did not provide factual context for the Court to glean exactly what period of time Plaintiff was referring to.

By way of a second example, Defendants failed to account for the fact that time had passed – in some instances, at least a year and a half – between the time Plaintiff was no longer placed on work schedules with Holtec and Sonic and the time he submitted the SSDI benefits applications

Defendants, in part, relied on as the basis for their judicial estoppel argument. In *Cleveland*, the Supreme Court acknowledged that because an ADA plaintiff's condition "might have changed over time, so that a statement about her disability made at the time of her application for SSDI benefits does not reflect her capacities at the time of the relevant employment decision," it refrained from applying a "special legal presumption" which would allow someone who has applied for or received SSDI benefits to bring an ADA suit only in limited or highly unusual circumstances. 526 U.S. at 796. Moreover, in *Motley*, the Third Circuit acknowledged an employee's "explanation [of inconsistent positions] must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of . . . [his] good faith belief in the earlier statement, [he] could nonetheless perform the essential functions of [his] job, with or without reasonable accommodation." 196 F.3d at 165 (alterations in original) (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2732.3 (West Supp. 1999)). Plaintiff acknowledged the statements he made in 2021 and 2022 on his SSDI benefits applications were made years after his employment ended in his attempt to explain why the statements were not inconsistent with the statements made in the instant litigation regarding his ability to work. Plaintiff pointed to a medical examination conducted in May and June 2022, albeit by an expert produced by the Sonic Defendants during the course of this litigation, during which time the physician, Dr. Mark S. Wagner, concluded that Plaintiff was "presenting with significant neurocognitive weaknesses" and that his issues "effectively imped[e] his ability to work and sustain ongoing employment." The Court found that this conclusion supported Plaintiff's argument that his condition has deteriorated since the commencement of the instant litigation, which would explain away the purported inconsistency between Plaintiff's allegations in the instant litigation about his ability to work and statements he made about an inability to work on SSDI benefits

applications. Notably, it does not appear Dr. Wagner concluded that the medical issues Plaintiff presented during the time of the evaluation impeded Plaintiff's ability to work during the timeframe Plaintiff complains about in the instant litigation. Accordingly, the Court found that, contrary to Defendants' arguments, Plaintiff addressed inconsistencies raised by Defendants and the Court found Plaintiff's arguments credible. Notwithstanding that finding, the Court also found it needed additional context for some of Plaintiff's statements. For this reason, the Court dismissed Defendants' judicial estoppel argument without prejudice at the summary judgment stage, thus enabling Defendants to raise the argument at a later stage in this litigation.

Next, the Sonic Defendants argue that that the Court overlooked the argument that Sonic cannot be considered an "employer" in the context of the ADA and ADEA, that Sonic took no adverse employment action against Plaintiff in violation of the ADA and ADEA, and that there is no causal link between Plaintiff's alleged protected activity and the alleged adverse action under NJLAD. Holtec argues the identity of Plaintiff's employer does not present a genuine issue of material fact, Plaintiff's claims should have been dismissed under the McDonnell-Douglas burden-shifting framework, and punitive damages are unsupported by the record.

In its September 30 Opinion, the Court identified a number of disputes in the record among the Parties and between the Sonic Defendants and Holtec regarding whether Plaintiff was an employee of either Holtec or Sonic or both. By way of example, the Court reviewed the *Darden* factors in considering whether Plaintiff was an employee under the general common law of agency and, thus, under the ADA and ADEA. *See Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322-26 (1992) (identifying twelve-factor test to establish whether hired party is an employee under general common law of agency and that emphasis is placed on a hiring party's right to control the

7

manner and means by which work is accomplished). Evaluating these factors assisted the Court in identifying disputes in the record.

The Court also considered each of the multi-factor tests used to determine whether multiple entities, such as Holtec and Sonic, constitute joint employer liability under the ADA and NJLAD. *See In re Enterprise Rent-A-Car Wage & Hour Employment Litig.*, 683 F.3d 462, 469 (3d Cir. 2012) (outlining four-factor test to establish joint employment liability under Fair Labor Standards Act); *Cella v. Villanova Univ.*, 113 F. App'x 454 (3d Cir. 2004) (affirming use of *Enterprise* test to establish joint employment liability under ADA); *see also D'Annunzio v. Prudential Life Ins. Co. of Am.*, 192 927 A.2d 113, 121 (N.J. 2007) (outlining 12-factor test to establish joint employment liability under NJLAD). The Court further identified disputes regarding Defendants' responsibilities over elements of Plaintiff's employment. The Court reiterates that Defendants' failure to clearly identify Plaintiff's employer necessarily precludes the Court from sufficiently evaluating Plaintiff's ADA, ADEA, and NJLAD claims and engaging in the McDonnell-Douglas burden-shifting framework. Defendants correctly point out Plaintiff must establish a prima facie case to support his claims. Importantly, Defendants do not point to any case law supporting the position that a failure to clearly identify Plaintiff's employer is not material when engaging in the McDonnell-Douglas burden-shifting analysis. The failure to clearly identify Plaintiff's employer constrains the Court in its ability to determine whether Plaintiff was subject to discrimination, retaliation, and disparate treatment because the very tests for ADA, ADEA, and NJLAD claims require that Plaintiff establish actions on the part of his employer. *See, e.g., Jackson v. Trump Ent. Resorts, Inc.*, 149 F. Supp. 3d 502, 510 (D.N.J. 2015) (elements of prima facie case of discrimination under ADEA); *Grazioli v. Genuine Parts Co.*, 409 F. Supp. 2d 569, 584 (D.N.J. 2005) (elements of prima facie case of retaliation under ADA); *Santiago v. City of Vineland*, 107

F. Supp. 2d 512, 547 (D.N.J. 2000) (elements of prima facie case of discrimination under ADA); *Stowell v. Black Horse Pike Reg'l Sch. Dist.*, No. 17-06633, 2019 WL 6044937, at *6 (D.N.J. Nov. 15, 2019) (elements of prima facie case of disability discrimination under NJLAD); *McKinney v. Bayshore Health Care at Meridian*, No. 16-4139, 2017 WL 6395847, at *4 (D.N.J. Dec. 13, 2017) (elements of prima facie case of discrimination under ADEA). Failure to clearly identify Plaintiff's employer and then argue the employer's identity is immaterial because Plaintiff has failed to establish prima facie cases under his ADA, ADEA, and NJLAD claims is a forgone conclusion and a convenient attempt to dismiss Plaintiff's suit without fully entertaining its merits. Accordingly, the disputes in the record among the Parties and between the Sonic Defendants and Holtec regarding which entity employed Plaintiff constrains the Court from engaging in a complete analysis of the ADA, ADEA, and NJLAD claims.

## ORDER

**IT IS** on this 31st day of May, 2024, hereby

**ORDERED** that Defendants' Motions for Reconsideration (ECF Nos. 138, 139) are **DENIED**.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE